AO 440 (Rev. 12/09) Summons in a Civil Action

UNITED STATES DISTRICT COURT

for the

Eastern District of New York

| | | |
|---|---|---|
| ALAISHA FRANCOIS, | ) | |
| Plaintiffs, | ) | |
| | ) | |
| | ) | |
| v. | ) | Civil Action No.  11 CV 5874 |
| | ) | |
| THE CITY OF NEW YORK, P.O. DANIEL MALLICK, Shield No. 10507, Individually and in his Official Capacity, SGT. DAVID JONES, Shield No. 2597, Individually and in his Official Capacity, LT. ERIC CAMPBELL, Shield No. 1839, Individually and in his Official Capacity, P.O. DERRICK BOYD, Shield No. 10014, Individually and in his OfficialCapacity, P.O. LAMAR SANDERS, Shield No. 28792. Individuallyand in his Official Capacity and P.O.'s "JOHN DOE" #1-10, Individually and in their Official Capacity (the name John Doe being fictitious, as the true names are presently unknown) | ) ) ) ) ) ) ) ) | |
| Defendants, | ) | |

AMENDED SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

| Michael A. Cardozo | P.O. Daniel Mallick | Sgt. David Jones | LT. Eric Campbell | P.O. Derrick Boyd | P.O. Lamar Sanders |
|---|---|---|---|---|---|
| Corporation Counsel of the City of New York | Shield No. 10507 | Shield No. 2597 | Shield No. 1839 | Shield No. 10014 | Shield No. 28792 |
| 100 Church Street | 77th Detective Squad | 77th Precinct | 77th Precinct | 77th Precinct | Kings North Warrant Squad |
| New York, NY 10007 | 127 Utica Ave. | 127 Utica Ave. | 127 Utica Ave. | 127 Utica Ave. | 245 Glennmore Avenue |
| | Brooklyn, NY 11213 | Brooklyn, NY 11213 | Brooklyn, NY 11213 | Brooklyn, NY 11213 | Brooklyn, NY 11208 |

A lawsuit has been filed against you.

Within 21 days after service of this amended summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached amended complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:.

COHEN & FITCH LLP
233 Broadway, Suite 1800
New York, N.Y. 10279

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

Date: _____       _____
*Signature of Clerk or Deputy Clerk*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

ALAISHA FRANCOIS,

                       Plaintiff,                       **COMPLAINT**

         -against-

THE CITY OF NEW YORK, P.O. DANIEL MALLICK,     **JURY TRIAL DEMANDED**
Shield No. 10507, Individually and in his Official
Capacity, SGT. DAVID JONES, Shield No. 2597,          **ECF CASE**
Individually and in his Official Capacity, LT. ERIC
CAMPBELL, Shield No. 1839, Individually and in his
Official Capacity, P.O. DERRICK BOYD, Shield No.
10014, Individually and in his Official Capacity, P.O.
LAMAR SANDERS, Shield No. 28792. Individually and
in his Official Capacity and P.O.'s "JOHN DOE" #1-10,
Individually and in their Official Capacity (the name John
Doe being fictitious, as the true names are presently
unknown)

                      Defendants.

------------------------------------------------------------------X

      Plaintiff ALAISHA FRANCOIS, by her attorneys, COHEN & FITCH LLP, complaining of the defendants, respectfully allege as follows:

## PRELIMINARY STATEMENT

      1.     Plaintiffs bring this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988 for violations of their civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Eastern District of New York under U.S.C. §1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff ALAISHA FRANCOIS is an African-American female and has been at all relevant times a resident of the City and State of New York.

7. Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, The City of New York.

9. At all times hereinafter mentioned, the individually named defendants P.O. DANIEL MALLICK, SGT. DAVID JONES, LT. ERIC CAMPBELL, P.O. DERRICK BOYD, P.O. LAMAR SANDERS and P.O.s "JOHN DOE" #1-#10 were duly sworn police officers of

said department and were acting under the supervision of said department and according to their official duties.

10. At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

## FACTS

### THE FEBRUARY 9, 2010 INCIDENT

13. On or about February 9, 2010 at approximately 3:00 p.m., plaintiff ALAISHA FRANCOIS was lawfully present inside of her brother's apartment, located at 260 Buffalo Avenue, Apartment 3B, in Kings County in the City and State of New York.

14. When plaintiff arrived at the aforesaid location she found the door wide open and the apartment in complete shambles with several police officers inside.

15. Defendant police officers then asked plaintiff for her identification, to which plaintiff complied.

16. Despite the fact that plaintiff did not live at that location nor was she inside the apartment at the time defendants executed the search warrant, defendants charged plaintiff ALAISHA FRANCOIS with Criminal Possession of a Controlled Substance in the Seventh

Degree, Criminally Using Drug Paraphernalia in the Second Degree, Unlawful Possession of Marijuana, and Criminal Possession of a Weapon in the Fourth Degree.

17. At no time on February 9, 2010 did plaintiff use, possess, or control any marijuana, controlled substances, drug paraphernalia, or weapons, nor did she violate any law.

18. At no time on February 9, 2010 did defendants possess probable cause to arrest plaintiff.

19. At no time on February 9, 2010 did defendants possess information that would lead a reasonable officer to believe probable cause existed to arrest plaintiff.

20. Thereafter, plaintiff was transported to a nearby police precinct where she was subjected to an invasive strip search.

21. At no time did defendants possess the particularized suspicion necessary to justify an invasive strip search.

22. In connection with plaintiff's arrest, defendants filled out false and/or misleading police reports and forwarded them to prosecutors at the Kings County District Attorney's Office.

23. Thereafter, defendants repeatedly gave false and misleading testimony regarding the facts and circumstances of plaintiff's arrest.

24. Specifically, defendants falsely and knowingly alleged that when they arrived at the aforementioned location they witnessed plaintiff ALAISHA FRANCOIS in said location and that plaintiff informed defendant officers that she resided at said location.

25. As a result of defendants' actions, plaintiff ALAISHA FRANCOIS spent approximately forty-eight (48) hours in police custody and approximately twenty-one (21) months making numerous court appearances.

26.   Despite defendants' unlawful conduct, the charges against plaintiff ALAISHA FRANCOIS were dismissed on or about November 9, 2011.

27.   As a result of this incident, plaintiff ALAISHA FRANCOIS was suspended from her job as an Emergency Medical Technician with the New York Fire Department for thirty (30) days; furthermore, after her suspension her job duties were restricted and she was not permitted to take the Firefighters Exam.

28.   As a result of the foregoing, plaintiff ALAISHA FRANCOIS sustained, *inter alia*, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of her constitutional rights.

## **THE OCTOBER 9, 2010 INCIDENT**

29.   On or about October 9, 2010 at approximately 5:55 p.m., plaintiff ALAISHA FRANCOIS was lawfully present in or around 1479 Lincoln Place in Kings County in the City and State of New York.

30.   Plaintiff ALAISHA FRANCOIS was at home when she was informed that her brother was being assaulted around the corner.

31.   Plaintiff then went to the aforesaid location to assist her brother where she saw police officers assaulting him.

32.   At that moment, plaintiff started taking photos of the scene.

33.   Soon thereafter, defendant police officers grabbed plaintiff from behind, pushed her on the hood of a police car and handcuffed her with her arms behind her back.

34.   Notwithstanding the fact that plaintiff had committed no crime or violation of the law, plaintiff was arrested and charged with Obstructing Governmental Administration in the Second Degree, Resisting Arrest, and Disorderly Conduct.

35. At no time on October 9, 2010 did plaintiff ALAISHA FRANCOIS resist lawful arrest, behave disorderly, or act unlawfully in any way.

36. At no time on October 9, 2010 did defendants possess probable cause to arrest plaintiff.

37. At no time on October 9, 2010 did defendants possess information that would lead a reasonable officer to believe probable cause existed to arrest plaintiff.

38. As a result of her unlawful arrest, plaintiff ALAISHA FRANCOIS spent approximately twenty-four (24) hours in police custody before the proceedings against her were adjourned in contemplation of dismissal at arraignments.

39. As a result of the foregoing, plaintiff ALAISHA FRANCOIS sustained, *inter alia*, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of her constitutional rights.

## FIRST CLAIM FOR RELIEF ARISING FROM THE FEBRUARY 9, 2010 ARREST FOR DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. § 1983

40. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "39" with the same force and effect as if fully set forth herein.

41. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

42. All of the aforementioned acts deprived plaintiff ALAISHA FRANCOIS of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

43. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers with all the actual and/or apparent authority attendant thereto.

44. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

45. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

**SECOND CLAIM FOR RELIEF ARISING FROM THE FEBRUARY 9, 2010 ARREST FOR FALSE ARREST UNDER 42 U.S.C. § 1983**

46. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "45" with the same force and effect as if fully set forth herein.

47. As a result of the aforesaid conduct by defendants, plaintiff was subjected to illegal, improper and false arrest by the defendants, taken into custody, and caused to be falsely imprisoned, detained, and confined, without any probable cause, privilege or consent.

48. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, she was put in fear for her safety, and she was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

**THIRD CLAIM FOR RELIEF ARISING FROM THE FEBRUARY 9, 2010 ARREST FOR MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983**

49. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "48" with the same force and effect as if fully set forth herein.

50. Defendants misrepresented and falsified evidence before the Kings County District Attorney.

51. Defendants did not make a complete and full statement of facts to the District Attorney.

52. Defendants withheld exculpatory evidence from the District Attorney.

53. Defendants were directly and actively involved in the initiation of criminal proceedings against plaintiff ALAISHA FRANCOIS.

54. Defendants lacked probable cause to initiate criminal proceedings against plaintiff ALAISHA FRANCOIS.

55. Defendants acted with malice in initiating criminal proceedings against plaintiff ALAISHA FRANCOIS.

56. Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff ALAISHA FRANCOIS.

57. Defendants lacked probable cause to continue criminal proceedings against plaintiff ALAISHA FRANCOIS.

58. Defendants acted with malice in continuing criminal proceedings against plaintiff ALAISHA FRANCOIS.

59. Defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings.

60. Specifically, defendants falsely and knowingly alleged that when they arrived at 260 Buffalo Avenue they witnessed plaintiff ALAISHA FRANCOIS in said location and that plaintiff informed defendant officers that she resided at said location.

61. Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiff ALAISHA FRANCOIS's favor on or about November 9, 2011 when the charges against her were dismissed.

62. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, she was put in fear for her safety, and she was humiliated and subjected to handcuffing and other physical restraints without probable cause.

### FOURTH CLAIM FOR RELIEF ARISING FROM THE FEBRUARY 9, 2010 ARREST FOR DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL UNDER 42 U.S.C. § 1983

63. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "62" as if the same were more fully set forth at length herein.

64. Defendants created false evidence against plaintiff ALAISHA FRANCOIS.

65. Specifically, defendants falsely and knowingly alleged that when they arrived at 260 Buffalo Avenue they witnessed plaintiff ALAISHA FRANCOIS in said location and that plaintiff informed defendant officers that she resided at said location.

66. Defendants forwarded false evidence and false information to prosecutors in the Kings County District Attorney's office.

67. Defendants misled the prosecutors by creating false evidence against plaintiff ALAISHA FRANCOIS and thereafter providing false testimony throughout the criminal proceedings.

68. In creating false evidence against plaintiff ALAISHA FRANCOIS, in forwarding false evidence and information to prosecutors, and in providing false and misleading sworn statements, defendants violated plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

69. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, she was put in fear for her safety, and she was humiliated and subjected to handcuffing and other physical restraints without probable cause.

### FIFTH CLAIM FOR RELIEF ARISING FROM THE FEBRUARY 9, 2010 ARREST FOR UNLAWFUL AND UNREASONABLE SEARCH UNDER 42 U.S.C. § 1983

70. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "69" with the same force and effect as if fully set forth herein.

71. As a result of the forgoing plaintiff ALAISHA FRANCOIS was subjected to an unreasonable and intrusive strip search that shocks the conscience in violation of her due process rights as set forth in the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

72. As a result of the aforesaid conduct by defendants, plaintiff's person and possessions were illegally, improperly, and unreasonably searched without a valid warrant, probable cause, privilege, or consent, in violation of her constitutional rights as set forth in the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

### SIXTH CLAIM FOR RELIEF ARISING FROM THE FEBRUARY 9, 2010 ARREST FOR MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

73. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "72" with the same force and effect as if fully set forth herein.

74. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

75. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department include, but are not limited to, the following unconstitutional practices:

    i. executing search warrants and arresting any and all individuals in said premises regardless of individualized probable cause;

    ii. arresting individuals regardless of probable cause in order to inflate the officer's arrest statistics; and

    iii. arresting innocent persons notwithstanding the existence of credible evidence which exonerates the accused of any criminal wrongdoing.

76. The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct, as documented in the following civil rights actions filed against the City of New York:

- **Middleton v. City of New York**, 09 CV 4656 (plaintiff was arrested along with the occupants of the house as a result of drugs being found in a bedroom where she was not located and held for thirty (30) hours before the District Attorney declined prosecution because there was no evidence consistent with her knowledge or possession of the drugs recovered).

- **Hoover v. City of New York**, 09 CV 0088 (plaintiff was arrested along with all of the occupants of the apartment because drugs were found secreted in two bedrooms where plaintiff was not located and held for twenty four (24) hours before the District Attorney declined prosecution because there was no evidence consistent with her knowledge or possession of the drugs recovered).

- **Nunez v. City of New York**, 09 CV 8798 (plaintiffs were arrested along with all of the occupants of an apartment because a gun was found in a locked safe in the one of the occupants room and were held twenty four (24) hours before the District Attorney declined prosecution because there was no evidence consistent with their knowledge or possession of the gun).

- **Batista v. City of New York**, 08 CV 7639 (plaintiffs were arrested along with all of the occupants of an apartment as the result of a drugs found in one of the occupants pocket and were all held twenty four (24) hours before the District Attorney declined prosecution because there was no evidence consistent with their knowledge or possession of the drugs).

- **Ramos v. City of New York**, 10 CV 1171 (plaintiff was arrested with all other

individuals located in an apartment as the result of a single pill of Ciboxen recovered in the owners bedroom nightstand and were all held twenty four (24) hours before the District Attorney declined prosecution because there was no evidence consistent with their knowledge or possession of the drugs).

77. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff.

78. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

79. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff as alleged herein.

80. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff's constitutional rights.

81. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff ALAISHA FRANCOIS's constitutional rights.

82. The acts complained of deprived plaintiff of her rights:

    A. Not to be deprived of liberty without due process of law;

    B. To be free from seizure and arrest not based upon probable cause;

    C. To be free from unlawful search;

    D. Not to have summary punishment imposed upon her; and

    E. To receive equal protection under the law.

83. As a result of the foregoing, plaintiff is entitled to compensatory damages and is

further entitled to punitive damages against the individual defendants.

### SEVENTH CLAIM FOR RELIEF ARISING FROM THE OCTOBER 9, 2010 ARREST FOR DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. § 1983

84. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "83" with the same force and effect as if fully set forth herein.

85. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

86. All of the aforementioned acts deprived plaintiff ALAISHA FRANCOIS of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

87. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers with all the actual and/or apparent authority attendant thereto.

88. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

89. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

### EIGHTH CLAIM FOR RELIEF ARISING FROM THE OCTOBER 9, 2010 ARREST FOR FALSE ARREST UNDER 42 U.S.C. § 1983

90. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "89" with the same force and effect as if fully set forth herein.

91. As a result of the aforesaid conduct by defendants, plaintiff was subjected to illegal, improper and false arrest by the defendants, taken into custody, and caused to be falsely imprisoned, detained, and confined, without any probable cause, privilege or consent.

92. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, she was put in fear for her safety, and she was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

### NINTH CLAIM FOR RELIEF ARISING FROM THE OCTOBER 9, 2010 ARREST FOR MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

93. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "92" with the same force and effect as if fully set forth herein.

94. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

95. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department include, but are not limited to, the following unconstitutional practices:

   A. arresting individuals regardless of probable cause in order to inflate the officer's arrest statistics; and

   B. arresting innocent persons notwithstanding the existence of credible evidence which exonerates the accused of any criminal wrongdoing.

96. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff.

97. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

98. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff as alleged herein.

99. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff's constitutional rights.

100. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff ALAISHA FRANCOIS's constitutional rights.

101. The acts complained of deprived plaintiff of her rights:

   A. Not to be deprived of liberty without due process of law;

   B. To be free from seizure and arrest not based upon probable cause;

   C. Not to have summary punishment imposed upon her; and

   D. To receive equal protection under the law.

102. As a result of the foregoing, plaintiff is entitled to compensatory damages and is further entitled to punitive damages against the individual defendants.

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

   i. an order awarding compensatory damages in an amount to be determined at trial;

   ii. an order awarding punitive damages in an amount to be determined at trial;

   iii. reasonable attorneys' fees and costs under 42 U.S.C. § 1988; and

    iv. directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

Dated: New York, New York
       December 1, 2011

BY: _____
GERALD COHEN
COHEN & FITCH LLP
Attorneys for Plaintiff
233 Broadway, Suite 1800
New York, N.Y. 10279
(212) 374-9115
gcohen@cohenfitch.com

iv. directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

Dated: New York, New York
January 8, 2013

BY: _____
GERALD COHEN
COHEN & FITCH LLP
Attorneys for Plaintiff
233 Broadway, Suite 1800
New York, N.Y. 10279
(212) 374-9115
gcohen@cohenfitch.com

INDEX NO.                                                                                     YEAR

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ALAISHA FRANCOIS,

                                 Plaintiff,
             -against-

THE CITY OF NEW YORK, P.O. DANIEL MALLICK,
Shield No. 10507, Individually and in his Official Capacity,
SGT. DAVID JONES, Shield No. 2597, Individually and in
his Official Capacity, LT. ERIC CAMPBELL, Shield No.
1839, Individually and in his Official Capacity, P.O. DERRICK
BOYD, Shield No. 10014, Individually and in his OfficialCapacity,
P.O. LAMAR SANDERS, Shield No. 28792. Individuallyand in his
Official Capacity and P.O.'s "JOHN DOE" #1-10, Individually
and in their Official Capacity (the name John Doe being fictitious,
as the true names are presently unknown)
                                 Defendants.

## AMENDED SUMMONS AND AMENDED COMPLAINT

### COHEN & FITCH LLP

*Attorney for* Plaintiffs
*Office and Post Office Address, Telephone*
233 Broadway - Suite 1800
New York, New York 10279
(212) 374-9115

Signature (Rule 130-1.1a)
_____

Print Name Beneath

To
Attorney(s) for  Defendants

Service of a copy of the within is hereby admitted.                 Dated
_____

Attorney(s) for

PLEASE TAKE NOTICE

☐    NOTICE OF ENTRY

      that the within is a (certified) true copy of a
      duly entered in the office of the clerk of the within named court on                              20

☐    NOTICE OF SETTLEMENT

      that an order                                                                                    of which the within is a true copy
      will be presented for settlement to the HON.                     one of the judges of the
      within named Court, at
      on                                  20                        at

Dated,                                                                                                                        Yours, etc.