

| | THE CITY OF NEW YORK | |
|---|---|---|
| **MICHAEL A. CARDOZO**<br>*Corporation Counsel* | **LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **ANDREW LUCAS**<br>*Assistant Corporation Counsel*<br>Phone: (212) 788-1273<br>Fax: (212) 788-4123<br>alucas@law.nyc.gov |

January 29, 2013

**BY ECF**
Honorable Vera M. Scanlon
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    <u>Alaisha Francois v. City of New York, et al.</u>,
                11 CV 5874 (WFK)(RER)

Your Honor:

      I am an Assistant Corporation Counsel in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, representing defendants in the above referenced action. Defendants' write to update your honor with respect to certain outstanding discovery in advance of the January 31, 2013, conference.

### Identities of parties with knowledge:

      In her deposition plaintiff identified numerous individuals who either witnessed, or would have information pertaining to this case. Defendants request their full names, addresses and phone numbers be provided.

- Michael Savarese – Landlord for plaintiff's Jamaica Queens home on 2/9/10;
- Wayne Carson, a/k/a Uncle Pat – Resident at 260 Buffalo in February of 2010;
- "Seth," a/k/a Uncle Bean - Resident at 260 Buffalo in February of 2010;
- Valerie and Jasmine Fletcher – Witnesses and photographers of October 2010 incident.
- Unidentified "Brother's Friends" – Witnesses of October 2010 incident.

Neil Francois – Witness to February 2010 incident, address and phone unknown.

### Documents Requested

      The defendants have requested additional discovery concerning four different

matters.  1)  A copy of the lease for plaintiff's home during the February 2010 incident.  2) Information for the lawsuit between plaintiff's grandmother and Woodhull hospital that resulted in $30,000 cash for plaintiff's mother.  3)  Information for the lawsuits between plaintiff's mother and Michael Savarese.  4)  A court order for the complete rap sheet of plaintiff's brothers Neil and Alan prior to October 9, 2010.  Taking these in turn:

        1)  Plaintiff's defense for the February 2010 incident rests upon her claim that she did not reside at 260 Buffalo at that time.  She states that she was on the lease with her mother for a house located at 144-02 105th Avenue, Jamaica Queens.  See Plaintiff's deposition, p. 13-14.  Plaintiff has failed to provide said lease.  This document is central to resolving plaintiff's place of residence in February of 2010.

        2)  Plaintiff states that her mother received money as part of a settlement involving her Grandmother, Mona Lisa Francois, and Woodhull hospital.  Id., p. 14.  This is particularly salient here, as plaintiff claims her mother paid Michael Savarese, the landlord for 144-02 105th Avenue, $30,000 in cash at the beginning of the lease period with proceeds from that lawsuit.  Id., p. 14.  In a situation where a party is receiving section 8 benefits for one apartment, but paying $30,000 in cash for a separate house, questions are raised.  When the apartment received under Section 8 is subsequently found to contain heroin and loaded guns, alarms should sound.  Basic information regarding that lawsuit may allow the parties to resolve the origin of the $30,000 cash rental payment.

        3)  Defendants seek information regarding the housing related lawsuits between plaintiff, her family and Michael Savarese.  Plaintiff claims that around the time of her families "unlawful" eviction from 144-02 105th Avenue a lawsuit was started against Michael Savarese.  Id., p. 86-88.  This will further demonstrate plaintiff's place of residence, and approximate date of her return to live at 260 Buffalo.  Additionally, as she was on the lease plaintiff may be a party to that action.

        4)  Defendants request a court order for the complete rap sheet of plaintiff's brothers Neil and Alan.  Plaintiff claims to have no knowledge of the involvement of either brother with drugs.  Their criminal history, including as juveniles, as it relates to narcotics puts at issue plaintiff's knowledge and truthfulness.

        Thank you for your consideration herein.  Please do not hesitate to contact the undersigned with any questions or concerns.

        Respectfully submitted,

        /s/
        ANDREW LUCAS
        *Assistant Corporation Counsel*

cc:    Cohen & Fitch LLP (by ECF)
       *Attorney for Plaintiff*